UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

LENISE POLYDOR,
    Plaintiff,

v.

WAL-MART STORES EAST, L.P.,
    Defendant.
_____/

### DEFENDANT, WAL-MART STORES EAST, LP., NOTICE OF REMOVAL

Defendant, Wal-Mart Stores East, LP. ("Wal-Mart"), by and through its undersigned counsel and pursuant 28 U.S.C. §§ 1332, 1441 and 1446(b)(1), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 11th Judicial Circuit Court in and for Miami-Dade County, Florida, Case No. 2021-013412-CA-01, with full reservation of rights, exceptions and defenses, and in support thereof state:

### FACTUAL BACKGROUND

1.    On June 9, 2021, Plaintiff commenced this action by filing a complaint against Wal-Mart for Negligence, in the 11th Judicial Circuit Court in and for Miami-Dade County, Florida, in which she alleges that she was injured while shopping at Wal-Mart. *See* Pl.'s Complaint attached as Ex. "A."

2.    Wal-Mart was served with the Complaint on June 23, 2021. *See* Service of Process attached as Ex. "B."

3.    Thereafter, on June 24, 2021, the Plaintiff filed her Amended Complaint alleging the following three counts: (1) Negligent Failure to Warn, (2) Negligence, and (3) Negligent

Failure to Maintain, in connection with the same incident which she alleges that she was injured while shopping at Wal-Mart. *See* Pl.'s Amended Complaint attached as Ex. "C."

4. Generally, Plaintiff alleges that Wal-Mart breached a duty owed to the Plaintiff by, including but not limited to, failing to maintain the store in a reasonably safe condition, failing to inspect its premises, failing to warn of potential hazards, and failing to correct unreasonably dangerous conditions. *See* Ex. "C."

5. Plaintiff further alleges that as a result of her incident at Wal-Mart she suffered bodily injury, mental anguish, medical expenses, and permanent and continuing losses. *Id*.

6. Plaintiff is a resident of Miami-Dade County, Florida *See* Ex. "C" at ¶ 2. It is well-established that residency is *prima facie* evidence of domicile, which is equivalent to residency for purposes of diversity of citizenship.

7. Furthermore, Plaintiff intends to remain in the State of Florida:

   a. The Plaintiff currently resides in Miami-Dade County, Florida;

   b. Plaintiff residential history indicates she has resided at her current residence in Miami-Dade County Florida since May 2011;

   c. Plaintiff has a voter registration record in Miami-Dade County, Florida;

   d. Plaintiff's driver license records indicates she has a Florida Driver's License, which does not expire until November 27, 2023;

   e. The Plaintiff's vehicle registration/tag records indicates she has a vehicle registered in the State of Florida. The vehicle tag is a Florida license plate. *See* Declaration of Helene Baum attached as Ex. "D."

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

8. Plaintiff's total **past medical expenses are $387,298.34**.[1] *See* Redacted Medical bills attached as Ex. "E."

9. Furthermore, Plaintiff admits damages in this case exceeds $75,000.00. *See* Ex. "C" at ¶ 4.

10. This action is removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00, exclusive of interest, attorneys' fees, and costs.

11. Wal-Mart attaches hereto and incorporates into this Notice a copy of the process, pleadings, and other papers filed in the 11th Judicial Circuit Court in and for Miami-Dade County, Florida, together with a docket sheet from the Clerk of Court from Miami-Dade County for the instant matter. *See* The state court filings are attached as Composite Ex. "F"

12. Wal-Mart attaches the Civil Cover Sheet at Ex. "G."

13. Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

### REMOVAL IS TIMELY

14. In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's initial Complaint. Plaintiff's initial Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based.

15. The thirty (30) day period commenced on June 23, 2021, when Plaintiff served her initial Complaint. *See* Ex. "B."

---

[1] Wal-Mart has not filed the entire complement of medical bills which Plaintiff submitted to Wal-Mart pre-suit, in order to protect the Plaintiff's personal information such as residential address, date of birth, etc. Should the Court wish to see these documents unredacted, Wal-Mart can provide same at the Court's request and under its direction.

16.     Venue exists in the United States District Court for the Southern District of Florida, Miami Division, because the 11th Judicial Circuit Court in and for Miami-Dade County, Florida, where Plaintiff filed her state court Complaint is located in Miami-Dade County, Florida, which is located within the United States District Court for the Southern District of Florida, Miami Division.

## DIVERSITY OF CITIZENSHIP

17.     Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1).

**A.  Citizenship of Wal-Mart Stores East, LP.**

18.     At the time of the alleged incident, and currently, Wal-Mart Stores East, LP is a limited partnership which currently is, and was at all material times, a Delaware Limited Partnership with its principal place of business in the State of Arkansas. WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC were at all material times, and still are, Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at all material times, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at all material times, Wal-Mart Stores, Inc. Wal-Mart Stores Inc., is, and was at all material times, an incorporated entity under the laws of the State of Delaware. Wal-Mart Stores Inc., at all material times was filed and presently, incorporated in the State of Delaware. The principal place of business for all of the above

mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) is, and was at all material times, Bentonville, Arkansas.  *See* Florida Department of State, Division of Corporations, Detail by Entity Name for Wal-Mart Stores East, L.P., attached as Composite Ex. "H."

**B.  Citizenship of Plaintiff**

19. Plaintiff is a resident of Miami-Dade County, Florida *See* Ex. "C" at ¶ 2. Furthermore, Plaintiff intends to remain in the State of Florida as:

   a. The Plaintiff currently resides in Miami-Dade County, Florida;

   b. Plaintiff residential history indicates she has resided at her current residence in Miami-Dade County Florida since May 2011;

   c. Plaintiff has a voter registration record in Miami-Dade County, Florida;

   d. Plaintiff's driver license records indicates she has a Florida Driver's License, which does not expire until November 27, 2023;

   e. The Plaintiff's vehicle registration/tag records indicates she has a vehicle registered in the State of Florida. The vehicle tag is a Florida license plate.  *See* Declaration of Helene Baum attached as Ex. "D."

20.   Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

## **AMOUNT IN CONTROVERSY**

21.     The amount in controversy exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $30,000.00 jurisdictional minimum, it is clear from Plaintiff's pre-suit demand that his claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *see also Mick v. De Vilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010)  (discussing pre-suit demand letters are competent evidence of the amount in controversy.).

22.     Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

23.     "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)).

6

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

24. Plaintiff's past medical bills which totals **$387,298.34** conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. *See* Ex. "E." More specifically, Plaintiff admits that damages exceeds $75,000.00. *See* Ex. "C" at ¶ 4. In addition to Plaintiff's past medical bills incurred, the Plaintiff's Complaint alleges damages for mental anguish, pain & suffering, and loss of capacity for the enjoyment of life. *See* Ex. "C."

25. These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous district court decisions support this conclusion.

26. District courts have found that the amount in controversy is satisfied by a showing that Plaintiff's pre-suit demand letter demonstrates Plaintiff's past medical bills exceed $75,000.00. For example, in *Stramiello v. Petsmart, Inc.*, 2010 WL 2136550, at *3 (M.D. Fla. 2010), the court determined the defendant established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's medical bills alone totaled $108,351.92 and plaintiff alleged that his injuries were permanent and she would "surely seek recovery of future medical expenses and significant pain and suffering damages." *Id.* The court found the defendant established complete diversity and that the amount in controversy exceeded the minimum jurisdictional requirement; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

27. Additionally, in *Wilson v. Target Corp.,* the plaintiff submitted a pre-suit demand letter indicating she had incurred over $100,000.00 in past medical expenses and would incur additional $1 million dollars in future medical expenses as a result of his incident. *Wilson V. Target Corp.,* 2010 WL 3632794, at *4 (S.D. Fla. 2010). Although the plaintiff's complaint did

7

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

not specify the exact amount of damages she bought, but only plead that her damages were in excess of $15,000.00, the court denied plaintiff's motion to remand finding plaintiff's pre-suit demand letter and unspecified damages in his complaint were sufficient to demonstrate by a preponderance of the evidence that the amount in controversy exceeded $75,000.00. *Id.* [2]

28.  Like *Stramiello* and *Wilson,* Plaintiff's pre-suit medical expenses incurred by the Plaintiff also exceeds $75,000.00. *Wilson,* 2010 WL 3632794, at *4; *Stramiello,* 2010 WL 2136550, at *3. This evidence demonstrates the Plaintiff's claimed damages in the instant case far exceed $75,000.00. Accordingly, Wal-Mart has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## V. CONCLUSION

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 11th Judicial Circuit Court in and for Miami-Dade County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, L.P., ("Wal-Mart"), respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, on the docket of the Court for the 11th Judicial Circuit Court in and for Miami-Dade County, Florida, be removed from that Court to the United States District Court for the Southern District of Florida, Miami-Dade Division, and that this Court assume full

---

[2]  The court also considered plaintiff's refusal to admit or deny that damages exceeded $75,000.00 as evidence regarding the amount in controversy.

and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

**Dated: July 22, 2021**

          Respectfully submitted,

          */s/ Patricia Concepcion*
          Jerry D. Hamilton
          Florida Bar No.: 970700
          jhamilton@hamiltonmillerlaw.com
          Patricia Concepcion
          Florida Bar No. 109058
          pconcepcion@hamiltonmillerlaw.com
          HAMILTON, MILLER & BIRTHISEL, LLP
          150 Southeast Second Avenue, Suite 1200
          Miami, Florida 33131
          Telephone: (305) 379-3686
          *Attorneys for Defendant, Wal-Mart*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 22, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

          */s/ Patricia Concepcion*
          Patricia Concepcion, Esq.

## **SERVICE LIST**

Irwin Ast, Esq.
Florida Bar No. 0059879
Leonard M. Caracappa, Esq.
Florida Bar No. 1018504
Law Office of Irwin Ast
2121 S.W. 3rd Avenue, Suite 401
Miami, Florida 33129
Telephone:    305-307-5208
Facsimile:    305-901-5639
irwin@astlawfirm.com
leo@astlawfirm.com
pleadings@astlawfirm.com
*Counsel for Plaintiff*

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690